■ In the Matter of GRACE M. STONE, Respondent, v KIRK A. MCLEOD, Appellant. [780 NYS2d 912]—In a child support proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Suffolk County (Trainor, J.), entered May 29, 2003, which denied his objections to an order of the same court (Sherman, H.E.), entered March 25, 2003,

which vacated a prior determination directing him to pay a percentage of his child's private school expenses, and (2) an order of the same court also entered May 29, 2003, which affirmed a determination of the support collection unit suspending his driving privileges due to his default in child support payments.

Ordered that the appeal from the order entered May 29, 2003, which denied the father's objections to the order entered March 25, 2003, is dismissed, without costs or disbursements, as the father is not aggrieved by that order; and it is further,

Ordered that the order entered May 29, 2003, which affirmed a determination of the support collection unit is affirmed, without costs or disbursements.

The father's contentions that the Hearing Examiner improperly imputed income to him for the purpose of determining his child support obligations and evidenced bias in making that determination are not properly before the Court on this appeal. This argument should have been made on an appeal from a prior order of the Family Court which ordered an upward modification of his child support obligations. Florio, J.P., Adams, Cozier and Lifson, JJ., concur.